IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Delores Ann McFadden, | ) |
|                         Plaintiff, | ) Civil Action No. 8:14-1727-TMC |
| vs. | ) **ORDER** |
| Carolyn W. Colvin, Acting Commissioner of Social Security, | ) |
|                         Defendant. | ) |

Plaintiff Delores Ann McFadden ("McFadden"), brought this action under 42 U.S.C. §§ 405(g) and 1383(c)(3), seeking judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying her claim for disability insurance benefits ("DIB") and Supplemental Security Income ("SSI") under the Social Security Act ("SSA"). This matter is before the court for review of the Report and Recommendation ("Report") of the United States Magistrate Judge, made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(a), D.S.C., concerning the disposition of social security cases in this district. (ECF No. 22).[1] The magistrate judge recommends affirming the Commissioner's decision denying benefits. McFadden timely filed objections (ECF No. 24) and the Commissioner filed a reply to those objections (ECF No. 26). For the reasons set forth below, the court adopts the magistrate judge's Report and affirms the Commissioner's decision.

---

[1] The magistrate judge's recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of those portions of the Report to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

## I. Background

McFadden filed an application for DIB and SSI on July 12, 2011, alleging a disability due to lower back pain with an onset date of May 26, 2011. Her application was denied initially and on reconsideration. McFadden requested a review by an administrative law judge ("ALJ") and a hearing was held before an ALJ on October 31, 2012.

On November 21, 2012, the ALJ issued a finding that McFadden was disabled under the SSA only from May 26, 2011, through September 11, 2012, and entitled to disability benefits under §§ 216 (I) and 233 only for that time period, but that her disability effectively ended September 12, 2012. The ALJ found that McFadden suffered from the following severe impairments: degenerative disc disease, and scoliosis of the lumbar spine status-post Harrington rod placement and lumbar fusions from L2-5.

McFadden sought review of the partially favorable ALJ's decision by the Appeals Council. The Appeals Council granted the request and, after review, subsequently reversed the partially favorable portion of the ALJ's decision finding McFadden was not entitled to a limited period of benefits. Instead, the Appeals Council determined that McFadden was not entitled to any disability benefits. McFadden then filed this action for judicial review on April 30, 2014. In the Report, the magistrate judge sets forth the relevant facts and legal standards, which are incorporated here by reference.

## II. Standard of Review

The federal judiciary has a limited role in the administrative scheme established by the SSA. Section 405(g) of the Act provides, "the findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). "Substantial evidence has been defined . . . as more than a scintilla, but less than a

preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). This standard precludes a de novo review of the factual circumstances that substitutes the court's findings for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971). Thus, in its review, the court may not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] own judgment for that of the [Commissioner]." *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996).

However, "[f]rom this it does not follow . . . that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative agency." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). Rather, "the courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that this conclusion is rational." *Vitek*, 438 F.2d at 1157-58.

### III. Analysis

As noted above, the ALJ found that McFadden was disabled for only a closed period of time from May 26, 2011, through September 11, 2012. McFadden appealed and the Appeals Council disagreed finding that McFadden was not disabled under the SSA at any time. In her Report, the magistrate judge recommends that the decision be affirmed as she finds it supported by substantial evidence.

In her objections, McFadden contends that the magistrate judge erred in recommending the Appeals Council's decision be affirmed. She contends that the magistrate judge failed to address the weight given to McFadden's credibility for the period of May 26, 2011, through September 11, 2012. She contends that the ALJ, not the Appeals Council, was in the best position to determine McFadden's credibility in regard to that time period. McFadden also notes

that she provided an affidavit to the Appeals Council outlining her limitations due to chronic pain.

The Appeals Council may produce a written decision or simply summarily deny a claimant's request for disability insurance benefits.[2] If the Appeals Council makes determinations contrary to the factual findings of the ALJ, these findings become the "final" factual findings of the Commissioner for purposes of judicial review.  *See Lovejoy v. Heckler*, 790 F.2d 1114, 1116 (4th Cir.1986) (*citing Kellough v. Heckler,* 785 F.2d 1147 (4th Cir.1986) and *Parris v. Heckler*, 733 F.2d 324 (4th Cir.1984)).  Moreover, the statutorily-mandated deference to findings of fact in 20 C.F.R. § 404.970(a) runs in favor of the Appeals Council even when it rejects an ALJ's favorable determination.  *See Kellough*, 785 F.2d 1147.

It is true that the Appeals Council must give deference to an ALJ's credibility determination when supported by the record.  *See, e.g., White v. Sullivan,* C/A No. 90-C-2856, 1991 WL 70967, *3 (N.D.Ill. May 1, 1991).  However, the Appeals Council may reject an ALJ's credibility findings when there is no objective medical evidence upon which those findings are based. *Id*.

Here, the ALJ found that McFadden was disabled from May 26, 2011, through September 11, 2012, due to difficulty maintaining attention and concentration. The Appeals Council filed a written decision disagreeing with the ALJ and finding McFadden was not

---

[2] Upon review, the Appeals Council considers the entire case, including favorable portions of the ALJ decision, and the ALJ specifically advised McFadden when he issued his partially favorable decision that review can make any part of the decision more or less favorable to a claimant.  (R. 34).  *See also*  20 C.F.R. § 404.984 (b)(3) (stating that the Appeals Council "will make a new, independent decision based on the preponderance of the evidence in the entire record affirming, modifying, or reversing the decision of the administrative law judge, or it will remand the case to an administrative law judge for further proceedings, including a new decision. The new decision of the Appeals Council is the final decision of the Commissioner after remand.").

4

disabled between May 26, 2011, and September 11, 2012. The Appeals Council's decision is the final decision of the Commissioner for purposes of this review. In its decision, the Appeals Council determined that the evidence did not support a finding that McFadden was experiencing difficulty maintaining attention and concentration, and she did not report severe pain symptoms or medication side effects. (R. 6). The Appeals Council specifically noted that McFadden reported her pain level to be zero, or no pain, on June 2011, three weeks after the alleged onset date. (R. 5, 6). Moreover, as the magistrate judge notes, the ALJ failed to point to any evidence in his decision to support a finding that McFadden could not concentrate or maintain attention, and McFadden has failed to point to any supporting treatment notes. (Report at 29).

Instead, McFadden points to an affidavit she submitted to the Appeals' Council in which she outlines her limitations from the chronic pain and she argues that this constitutes new and material evidence. (Objections at 4). First, the court notes that the Appeals Council stated that it specifically considered this evidence. (R. 8). Second, reviewing this affidavit and McFadden's testimony, the court notes that they are inconsistent. In her affidavit, McFadden avers that by May 26, 2011, she had to stop working because she could not stand long enough and her pain was interfering with her ability to focus and concentrate. (R. 319-320). However, McFadden, who had been working as a certified nursing assistant, testified at the hearing that she did not work after May 26, 2011, because her client had died and her employer did not have any more clients for her at that time. (R. 57, 60-61).

Substantial evidence is defined as "evidence which a reasoning mind would accept as sufficient to support a particular conclusion." *Shively v. Heckler,* 739 F.2d 987, 989 (4th Cir.1984). As previously noted, if the record contains substantial evidence to support the decision, this court is required to uphold the decision. Under this standard, the record contains

substantial evidence to support the conclusion of the Commissioner that McFadden was not disabled within the meaning of the SSA during the relevant time period.  Accordingly, the court finds McFadden's objections to be without merit, and adopts the Report.

## IV. Conclusion

Having reviewed the record under the appropriate standards, as set out above, the court concurs with both the reasoning and the result reached by the magistrate judge in her Report. The ALJ's decision is supported by substantial evidence.  Therefore, the court adopts the Report and the Commissioner's decision is **AFFIRMED**.

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

September 17, 2015
Anderson, South Carolina

6